EASTERN DIST.
*March*, 1838.

HILL ET AL.
*vs.*
HOLMES & SMITH.

## HILL ET AL. *vs.* HOLMES & SMITH.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF EAST BATON ROUGE, THE JUDGE THEREOF PRESIDING.

The original payees of a bill of exchange, with their names endorsed in blank, are entitled to sue and recover from the acceptor, without showing a re-transfer, even when there are subsequent endorsers.

If the payees have continued in possession, or have endorsed the bill to a third party, and taken it up under protest, they are equally entitled to recover against the acceptors.

This is an action on a bill of exchange for one thousand six hundred and twelve dollars, dated at Louisville, Kentucky, the 25th of July, 1836, drawn by B. S. Holmes, on the firm of Holmes & Smith, in East Baton Rouge, and payable to the order of H. B. Hill & Co., six months after date. "Accepted, payable at the Bank of Louisiana, at New-Orleans.

"HOLMES & SMITH."

ENDORSED :

"H. B. Hill & Co., pay Geo. C. Gwathmey, cashier, or order.

"CHAPMAN COLEMAN.

"Pay E. Duplessis, or order.

"GEO. C. GWATHMEY."

It was duly protested for non-payment, and the following receipt endorsed on it :

"Received payment of the within bill, protest, interest and postages, from Messrs. H. B. Hill & Co.

"Bank of Kentucky, Louisville, February 14, 1837.

"THOMAS STEELE, Teller."

The defendants denied that the plaintiffs were the owners of the bill sued on, and consequently not entitled to receive

payment. They further pleaded the failure of consideration, that the bagging and rope which they received for it, was so damaged that they sustained a loss of eight hundred dollars, which should be allowed them.

Upon these pleadings and issues, the cause was tried before the court.

The district judge decided, that the evidence was insufficient to show a want of consideration; and in answer to the objection that the plaintiffs could not recover without showing a re-transfer to them of the bill, as by the special endorsements they had parted with their interest as payees, he was of opinion this was not necessary, as it was not put at issue by the pleadings.

There was judgment for the plaintiffs, and the defendants appealed.

*Elam*, for the plaintiffs, urged the affirmance of the judgment of the District Court, and cited the following authorities in support of his position. 3 *Kent's Commentaries*, (1st edition,) *page* 60, *on the Negotiability of Bills of Exchange.* *Chitty on Bills*, 175. 7 *Louisiana Reports*, 337, 481. 3 *Wheaton*, 173.

*R. N.* and *A. N. Ogden*, contra, insisted, that as no evidence was offered to prove the endorsement and re-transfer of the bill to the plaintiffs, they should have been non-suited. 1 *Martin, N. S.*, 301, 373. 2 *Ibid.*, 49. 3 *Ibid.*, 291, 392. 5 *Ibid.*, 14. 6 *Ibid.*, 45. 2 *Louisiana Reports*, 192. 4 *Ibid.*, 530.

*Bullard, J.*, delivered the opinion of the court.

This is an action by the original payees of a bill of exchange against the acceptors, which appears to have been regularly protested for non-payment. The signatures are admitted, but the defendants deny that the plaintiffs are the owners of the bill, or entitled to demand payment. They further plead a failure of consideration.

EASTERN DIST.    On the trial, no objection appears to have been made to
March, 1838.  the reading of the bill of exchange, together with the protest,
                in evidence.   But it is now contended, that the plaintiffs
WALLEY
vs.           ought to have been non-suited, because the bill bears the
SCHR. LIBERTY.
                endorsement in blank of the plaintiffs, and appears to have
The original  been afterwards transferred to the Bank of Kentucky, who
payees of a bill
of     exchange,  received payment from them; and that these endorsements
with their names
endorsed     in  are not set forth in the petition.   Whether we regard the
blank, are enti-
tled to sue and  plaintiffs as original payees yet in possession of the bill, or as
recover from the
acceptor, with-  having paid the bank, as endorsers after protest, and thereby
out showing a
re-transfer, e-  subrogated to the rights of the bank, in either case they
ven when there
are subsequent  have a right to recover.   The first endorsement was in blank,
endorsers.     and the bill with such endorsement, passed by delivery, to
If the payees
have continued  the bearers.   5 Martin, N. S., 196.   3 Wheaton's Reports,
in possession or
have endorsed  173.   3 Kent's Commentaries, (1st edition,) 60.
the bill to a third
party, and taken     We concur with the court below in opinion, that the
it up under pro-  defendants have not proved a failure of consideration.
test, they are
equally entitled
to recover a-     It is, therefore, ordered, adjudged and decreed, that the
gainst the accep-
tors.         judgment of the District Court be affirmed with costs.